■ In the Matter of the Claim of Rosario Cambria, Respondent, against Feinstein Bros., Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Claimant is totally disabled as a result of silicosis. Appellants challenge the findings of the board that Feinstein Bros., Inc., was the last employer and that September 30, 1955 was the date of total disablement. Claimant had been employed as a stone cutter for many years by various employers. His first claim for compensation was made on August 25, 1955, against respondent, East Bay Contracting Co. In that claim claimant asserted that he was totally disabled and that he stopped working for East Bay on June 24, 1955 because of such disability. Thereafter claimant filed claims for compensation against three other employers, including appellant, Feinstein Bros., Inc. In the latter claimant asserted that the last date of employment by Feinstein was June 2, 1955. Medical reports indicate that claimant stopped work on June 24, 1955. At hearings payroll records of Feinstein were subpœnaed and introduced in evidence by respondents. These records indicated that claimant had been employed by Feinstein for four days in September, 1955, ending with September 30, 1955. This naked record is the only evidence in the case that claimant was employed by Feinstein at all during September of 1955. There is no proof that the record was correct. In fact, all of the other evidence in the case is to the contrary. It is claimed that union records of payments made to the union welfare fund based on four days' work by claimant during September, 1955, are corroborative. However, it appears that such payments are based upon the payroll records, and if the latter were incorrect the union record would automatically be incorrect. Officers of Feinstein testified that the entries indicating that claimant worked four days in September were the result of a clerical error, and swore positively that claimant did not work for Feinstein at all during September, 1955. The claimant himself not only listed in his claim that he last worked for Feinstein on June 2, 1955, but testified twice at separate hearings that he had last worked for anyone in June, 1955, and specifically, that he did not work for Feinstein in September, 1955. Medical reports indicate that such a history was consistently given. There is evidence that for each month when claimant worked (even for one day during the month) he was required to pay $5 to the union. The last such payment was in July, 1955. Moreover, the payroll record itself listed the amount of pay opposite claimant's name as the amount of a laborer's pay. A stone cutter's pay is more. The union did not permit a stone cutter to work as a laborer, and claimant testified that he had not worked as a laborer and had never been paid at a laborer's rate. The man who actually made the questioned entry did not testify, and the record suggests that appellants were unduly curtailed in efforts to show how the alleged error in the payroll records occurred. Of course, the payroll records were admissible in evidence, but upon viewing this record on appeal as a whole and as it now stands, we do not think there is substantial evidence to support findings that Feinstein employed claimant in September, 1955, and that the date of disablement was September 30, 1955. We decide nothing more, and remit the matter for further development and clarification of the record. Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to the appellants against the respondents East Bay Contracting Co. and carrier. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.